PONDER, Judge.
Plaintiffs appeal from the judgment dismissing their suit for eviction of a lessee on a motion for summary judgment.
The issue is the propriety of the granting of the summary judgment.
We affirm.
Plaintiffs’ father in 1971 leased to the defendant certain property. The lease contained the following paragraphs:
“5. Use:
Lessee shall have the right to make such improvements on said property as it shall deem necessary or desirable for the purpose of operating thereon a service station or filling station. Lessee agrees that it will not conduct therein any business in an unlawful manner, and that it will not permit any nuisance to be maintained upon the premises.
“6. Purpose:
It is further agreed that this lease is contingent upon Lessee legally being able to secure necessary permits to build and operate a service station on said property.”
Plaintiffs assert that defendants are violating the terms of the lease by selling package liquor and grocery items in addition to those normally associated with a “service station or filling station”; they point to the two paragraphs quoted above as restricting the operation on the leased premises. Defendants admit the sale of grocery items and package liquor. Thus there is no dispute as to material fact.
The trial court granted the motion for summary judgment on the ground that it is common knowledge that service stations sell more than gasoline and that the sale of grocery items, beer and package liquor does not violate the terms of the lease.
We prefer to base our decision on the latter ground. We interpret the first sentence of paragraph 5 of the lease to be a grant of authority to make specific improvements to the property; it does not contain a prohibition of other use of the premises. The second sentence contains the prohibitions against illegal activities and nuisances only. Paragraph 6 contains protection for the lessee should there be a bar against the proposed primary purpose of the lease. It contains no limitation to service station use only.
Had it been intended that the premises be restricted to only service station use a simple unambiguous statement to that effect would have been easily incorporated in the lease. Instead, grocery items had been sold prior to the lessor’s death and beer and liquor prior to the death of Mrs. Mancuso, all without objection.
The judgment is affirmed at appellants’ costs.
AFFIRMED.